IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 17-282 |
| NIGEL MACAYA BROADUS | |

*MILLER* NOTICE AND ORDER

TO THE PETITIONER IN THE ABOVE ACTION:

You have filed a Motion to Vacate Sentence Under 28 U.S.C. § 2255. You are hereby notified that federal law requires that you include all of your federal constitutional claims challenging a specific conviction and sentence in one petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2255.

The United States Court of Appeals for the Third Circuit held in *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), that, upon receipt by the United States District Court of a pro se petition challenging an inmate's conviction or incarceration, whether titled or styled as a "section 2255" motion or something else, the District Court "should issue a notice to the petitioner regarding the effect of his pleadings." This notice should advise the petitioner of the following:

**Option 1.** You can have your motion ruled upon as filed.

**Option 2.** If your motion is not styled as a section 2255 motion, this Court can re-characterize your motion as a section 2255 motion and resolve it as such, but in that case, you will lose your ability to file a second and successive petitions absent certification by the Court of Appeals.

**Option 3.** You may withdraw the motion, and file one all-inclusive section 2255 petition within the one-year statutory period under the Antiterrorism Effective Death Penalty Act

(AEDPA), 28 U.S.C. § 2244. In other words, if this Court considers and denies your petition as filed and the claims you raise in this petition on the merits, you will not be able to file a subsequent petition at a later time challenging the same conviction on other grounds, absent exceptional circumstances and the issuance of a certificate of appealability by the United States Court of Appeals for the Third Circuit.

Because your motion is explicitly captioned a Motion under 28 U.S.C. § 2255, Option 2 does not apply. Therefore, you are hereby directed to consider this Miller Notice, and to make an election between Option 1 (to have your motion ruled upon as filed) or Option 3 (withdraw your motion, in which case you may file one all-inclusive section 2255 petition within the one-year statutory period under the Antiterrorism Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244).

Accordingly, AND NOW, this  23rd day of  July 2019, it is HEREBY ORDERED that petitioner Nigel Macaya Broadus shall file his "Statement of Intent" on or before  August 23 , 2019, setting forth his intention to either have his Motion Under 28 U.S.C. § 2255 ruled upon as filed (and lose his ability to file a second or successive petitions absent certification by the court of appeals), or withdraw his motion, in which case he may file one all-inclusive § 2255 petition subject, however, to the one-year from final judgment statutory period prescribed by AEDPA for section 2255 petitions.

If petitioner exercises Option 3, the time for filing his "one all-inclusive § 2255 petition" will be tolled an additional  30  days from the date he files such Statement of Intent. In the event petitioner does not file his Statement of Intent on or before  August 23 , 2019, this Court will proceed to determination of his motion as a section 2255 motion, with the attendant consequences under AEDPA.

It is FURTHER ORDERED that, as appropriate, the deadline for the government to further respond to the Petition is extended until further Order of Court.

                                               s\Cathy Bissoon
                                          United States District Judge

cc:

Nigel Macaya Broadus
USMS 38663-068
Allenwood U.S. Penitentiary
Inmate Mail/Parcels
P.O. BOX 3000
White Deer, PA 17887